## Albert J. Allabach et al., Plffs. in Err., *v.* John G. Wood.

One who seeks to defend ejectment brought by the holder of an undoubted legal title, by proving an equitable title, must show, not only its validity, but also that the holder of the legal title acquired it with notice that such equitable title was outstanding.

(Decided April 26, 1886.)

Error to the Common Pleas of Luzerne County to review a judgment for plaintiff in an action of ejectment. Affirmed.

John G. Wood brought this action against Albert J. Allabach

---

Cited in Stark v. Shippey, 1 Lack. Jur. 109.

NOTE.—An equitable title set up by a defendant in an action of ejectment to defeat a legal title must be such as a court of equity would enforce. Williams v. Milligan, 183 Pa. 386, 38 Atl. 1015; Allebach v. Godshalk, 116 Pa. 329, 9 Atl. 444; Boynton v. Winslow, 37 Pa. 315. And, if specific performance has already been refused by a court of equity, it cannot avail. Sparks v. Walton, 4 Phila. 93. Though the rule is different when the decree was refused, but the parties were expressly left to their rights at law. Lewis v. Baker, 151 Pa. 529, 25 Atl. 99. But notice of the equitable title to the holder of the legal one must appear. Myers v. Leas, 101 Pa. 172. Constructive notice arising from possession by the defendant is sufficient. Sayers v. Phillips, 5 Pa. Super. Ct. 343.

and others to recover possession of property which he had purchased at sheriff's sale.

Plaintiff showed that the title to the premises had been in Edward W. Allabach; that Allabach had mortgaged them to Charles Lehman to secure a loan of money; that plaintiff and another bought this mortgage, foreclosed it, and at sheriff's sale of the land plaintiff purchased it. After showing this title he rested.

Defendants then made an offer of evidence to show that Edward W. Allabach had the absolute title to one half of the premises in dispute, and that he held the title to the remaining one half in trust for the defendants; but did not offer to show that Lehman had notice of the trust.

The court rejected this offer and charged the jury as follows:

The question presented in this is, as we view it, purely one of law. It appears that the recorded title to this land was at one time vested in Edward W. Allabach; and that while the title was thus vested in him he executed a mortgage to Mr. Lehman, which mortgage was subsequently foreclosed, the title of Edward W. Allabach being bought at the sheriff's sale by the present plaintiff. This, prima facie, vested in the plaintiff all of the title of Edward W. Allabach.

The defense to this is that, while the recorded title was in Edward W. Allabach, he was in fact the trustee for his sister and his brother, and that he was actually only the owner of one half. The answer to that is that, assuming it to be so, it would be no defense to this action, for the reason that no notice is shown to Mr. Lehman, the mortgagee under whose mortgage the plaintiff has acquired his title; and as such notice was essential to permit this trust to be set up against the evidence of the title which the record furnished, we instruct you that your verdict should be for the plaintiff for the land described in the writ.

The defendants brought error.

*A. Ricketts,* for plaintiffs in error:—A bona fide purchase is simply a defense; "not a sword to attack the possession of another." Because one is a bona fide purchaser for value without notice, he can defend his possession obtained thus innocently, because he has in a court of equity an equal standing with the owner. But when, instead of using it simply as a shield to protect himself, he proposes to use it as a sword to attack another,

then the whole position is changed; then the same maxim which protects him as a defendant, to wit: *In æquali jure melior est conditio defendentis,* protects his antagonist. There is the same reason, then, for refusing him the assistance of the court that in the case of his being defendant operates to prevent the court giving its assistance against him. This was more than a century ago declared to be the law (Patterson v. Slaughter, 1 Ambl. 292), where the language of the court is: "The title of a purchaser for valuable consideration is not ground for relief, though it is a good defense."

This ruling, made in 1755, being founded in the reason of the law, has never been changed.

In Strode v. Blackburne, 3 Ves. Jr. 222, the court says: "It had occurred to me, and upon full consideration the same idea remains in my mind, that the plea of purchase for valuable consideration without notice is a shield to the possession; and I find it very difficult to imagine a case in which it can be used for any other purpose than to defend the actual possession."

And the law is so stated in 2 Sugden, Vendors & Purchasers, 8th Am. ed. 791; Perry, Tr. § 219.

*William S. McLean,* for defendant in error.—Although plaintiff may and did have constructive notice of the trust, because it was recorded before he purchased at the sheriff's sale or took the assignment of the mortgage, yet he can resist the enforcement of the trust under cover of want of notice in Lehman, the mortgagee, and his immediate assignor as well. The reason of the rule is obvious; it is designed, not for the benefit of Wood, but for the benefit of Lehman, for it might be possible, after the mortgage was made to Lehman, that something would occur which would put all the world upon notice of the trust. The mortgage would, therefore, be valueless in Lehman's hands, because he never could find a purchaser without notice. Bispham, Eq. § 265; Mott v. Clark, 9 Pa. 399, 49 Am. Dec. 566; Perry, Tr. § 222.

PER CURIAM:

The plaintiff below gave evidence of an undoubted legal title, regular on its face, to the land in question. The defendants sought to overthrow this by proving an equitable title in themselves. The burden of this proof was cast on them. If all the

evidence they offered was insufficient to defeat the legal title, there was no error in rejecting it.

This legal title was acquired by a purchase at sheriff's sale on the foreclosure of a mortgage. There was no offer to show that, at the execution thereof, the mortgagee had any notice of the equities now set up.

It follows the evidence offered by the plaintiffs in error was properly rejected.

Judgment affirmed.